■ American Federation of Television and Radio Artists, AFL-CIO, Respondent, v Association of Talent Agents et al., Appellants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered September 14, 1990, which, upon reargument, adhered to the order and judgment (one paper) of said court entered April 26, 1990, staying arbitration, unanimously affirmed, without costs.

Petitioner labor union represents performing artists in the field of radio and television. Respondents are either talent agencies or trade associations franchised by petitioner to represent said artists pursuant to negotiated regulations which also govern the separate contractual relationship between the agents and the artists. The present dispute arises over promulgation of a modification to the regulations which govern the latter relationship and which would have the effect of disallowing commissions paid by the artists to the agent for

vacation, overtime, wardrobe, or other expenses. When the new regulations were promulgated, respondents served a demand to arbitrate, relying on the broad arbitration clause contained in these regulations, as well as upon a July 21, 1953, letter agreement between the petitioner and respondents' predecessor in interest, the Artists' Managers Guild. Supreme Court, relying on a proviso to the arbitration clause in the letter agreement, found the instant matter to be non-arbitrable. This proviso exempted from arbitration any dispute or controversy between petitioner and the other signatories to the letter agreement concerning "new regulations or concerning any change or modification of rule 12-B or of this agreement [which] shall not be determined by arbitration tribunal, and any attempt to do so shall be null and void."

The determination of whether a matter is arbitrable lies, in the first instance, with the courts (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co., 37 NY2d 91). It is well established that absent an explicit and unequivocal agreement to arbitrate as the exclusive method of resolving a dispute, a party should not be required to arbitrate (see, M.I.F. Sec. Co. v Stamm & Co., 94 AD2d 211, affd in part 60 NY2d 936). The issue sought to be the subject of the arbitration proceeding herein had been explicitly removed from the broad arbitration language of the regulations by the separate letter agreement of 1953.

We would also note that an independent basis to stay arbitration lies in the phrasing of the demand itself. The present claim involves only the named respondents with respect to their commissions or the itemized benefits, relating only to daytime dramatic serials. The demand, as amended, however, structures the issue in terms of the right of talent agencies, in general, to receive such commissions, in general, without limiting the demand to the daytime dramatic serials. This is not a matter of semantics. Nowhere in the demand do respondents definitively connect the looser category of talent agencies to the named respondents, nor otherwise restrict that category to the named respondents. As such, the demand takes on broader implications and has the ramifications of a class action. To the extent that respondents would have asserted an arbitrable claim, it would have been required that the claim be advanced on their own behalf, and not on behalf of talent agents or agencies in general (see generally, Harris v Shearson Hayden Stone, 82 AD2d 87, affd 56 NY2d 627). Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Asch, JJ.